## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

JOHN D'ANGELO, a California resident, on
his own behalf and on behalf of all others
similarly situated
1052 Metcalf Street
Escondido, California 92026

               Plaintiff,

v.

LAURA TACKACS, individually and in her
official capacity.
City of Middleburg Heights
15700 Bagley Road
Middleburg Heights, Ohio 44130

and

JIM STEINMETZ, individually and in his
official capacity.
City of Middleburg Heights
15700 Bagley Road
Middleburg Heights, Ohio 44130

and

JANE DOE*
individually and in her official capacity.
City of Middleburg Heights
15700 Bagley Road
Middleburg Heights, Ohio 44130

and

CITY OF MIDDLEBURG HEIGHTS, OHIO.
15700 Bagley Road
Middleburg Heights, Ohio 44130

and

CUYAHOGA COUNTY
2079 East Ninth Street

Case No.


**VERIFIED COMPLAINT
CIVIL RIGHTS ACTION
(42 U.S.C. § 1983)
DECLARATORY RELIEF,
PRELIMINARY INJUNCTION AND
TEMPORARY RESTRAINING ORDER**


**[JURY DEMAND ENDORSED HEREON]**

Cleveland, Ohio 44115

               Defendants.

COMES NOW, John D'Angelo, the above-named Plaintiff, by and through his counsel of record, Michela Huth and Richard Rosenthal, and complain of Defendants as follows:

## I.  Introduction

This is an action seeking declaratory and injunctive relief and damages arising under U.S.C. Section 1983 as a result of the unconstitutional seizure of his property (two dogs and ten puppies), violation of the dormant Commerce Clause of the U.S. Constitution, and violation of due process in contravention of Plaintiff's rights to due process and guarantee against unreasonable search under the Fourth and Fourteenth Amendments to the Constitution of the United States and Article 1, of the Ohio Constitution.  Plaintiff also seeks attorney fees and costs pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

Pursuant to the provisions of Fed. R. Civ. P. 65, John D'Angelo ("Plaintiff") moves this Court for a temporary and/or permanent restraining order and preliminary and/or permanent injunction against all Defendants, Laura Takacs ("Takacs"), Jim Steinmetz ("Steinmetz"), Middleburg Heights, and Cuyahoga County, enjoining them from illegally and unconstitutionally seizing unregistered dogs from persons who are traveling through Ohio, requiring Defendants to provide a notice of a right to a hearing, and provide an immediate deprivation hearing, and requiring them to immediately release his dog to his possession.

## II.  Jurisdiction and Venue

1.      This Court has jurisdiction as Plaintiff's claims are based upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to Plaintiff by the Constitution of the United States.

2.      This Court has jurisdiction pursuant to § 1331 of the Judicial Code (28 U.S.C.A § 1331) as this is a civil action arising under the Constitution of the United States.

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) as this action seeks to remedy deprivations, under color of law, of Plaintiff's rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and applicable federal laws.

4.      Plaintiff's claims for declaratory relief and compensatory damages are sought under 28 U.S.C. §§ 2201 and 2202.

5.      Plaintiff seeks permanent injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

6.      Plaintiff's claims for attorney's fees and costs are predicated upon 42 U.S.C. § 1988, which authorizes the award of attorney's fees and costs to prevailing parties pursuant to 42 U.S.C § 1983.

7.      Venue is conferred by 28 U.S.C § 1391(b) and as Defendant Middleburg Heights, Ohio is located in Cuyahoga County, Ohio, and the events giving rise to this claim occurred in Cuyahoga County, Ohio.

## IV.  Parties

8.      Plaintiff John D'Angelo is a resident of California, and he is the owner of all the dogs, which Defendants' seized, and have incarcerated, retained and possibly destroyed.

9.     D'Angelo is temporarily staying in Tuscarawas County, Ohio until he can get his dogs back.

10.    Defendant Middleburg Heights is a city in Cuyahoga County, Ohio.

11.    At all relevant times, Middleburg Heights acted by and through its agents, servants, and employees, including but not limited to its employees, both named in this action, and unknown employees, not named, but to be discovered.

12.    Defendant Laura Takacs, in her Official and Individual Capacity, is an Animal Control Officer ("ACO") for the City of Middleburg Heights, and is one of the persons who illegally seized Plaintiffs' dogs.

13.    Defendant Takacs is a "full-time ACO for the City of Middleburg Heights."

14.    Defendant Jim Steinmetz, in his Official and Individual Capacity, is a police officer with Defendant City of Middleburg Heights, and was one of the persons who illegally seized Plaintiff's dogs.

15.    Defendant Jane Doe, upon information and belief, is an animal control officer employed by the City of Middleburg Heights, Ohio, and was one of the persons who illegally seized Plaintiff's dogs.

16.    Defendant Cuyahoga County is a County located in Ohio, and upon information and belief currently has possession of D'Angelo's dogs.[1]


## V.  Facts

17.    On July 2, 2018 Plaintiff D'Angelo arrived in Medina County, Ohio from Georgia.

---

[1] This information was relayed, on July 10, 2018 to Attorney Michela Huth by a person named Mindy who works at the Cuyahoga County Animal Shelter.

18.     On July 3, 2018 he checked-in to a Motel 6 in Middleburg Heights (Cuyahoga County), located at 7219 Engle Road, Middleburg Heights 44130, with his two adult dogs and ten puppies.

19.     His adult dogs are, 1) named Dazey, who is three years old, and 2) Sasquatch, who is a year old.

20.     Dazey is the mother of the ten puppies.

21.     Dazey is D'Angelo's Registered Service Animal.[2]

22.     Plaintiff has a mental impairment that substantially limits one or more of his major life activities.

23.     On July 4, 2018 the Middleburg Heights police arrived at his hotel room due to the fact that friends who were visiting with D'Angelo had removed the smoke alarm in the room so they could smoke cigarettes.  At the time of the removal of the smoke alarm, D'Angelo was not in the room, but had gone to run an errand.

24.     Nothing further occurred with the police during that incident.

25.     At about 9:00 a.m. the next morning, July 5, 2018, while D'Angelo was still sleeping, a knock was heard at the door of his hotel room.

26.     He opened the door and Defendant Takacs, the Animal Control Officer for Middleburg Heights, Ohio, along with another unknown City employee was standing at the door.

27.     During the conversation with Tackacs and the unknown City employee, some people ("Jesus people") arrived to observe apparently from another hotel room.

28.     Tackacs told D'Angelo that he "needs to leave and go to the farm with the Jesus people."

29.     D'Angelo told Takacs that he did not want to go to the Jesus people's Christian farm in New York and that due to his PTSD and having them in the room cornering and reprimanding him, it made him feel uneasy.

---

[2] National Service Animal Registry for Dazey, Database ID D316551.  Certification obtained on 06.07.16.

30.     He asked Takacs and the other unknown City employee to leave, however they did not.

31.     Takacs told D'Angelo that they could take his dogs because he did not have County Dog Tags.

32.     Again, Takacs told D'Angelo that because he did not have dog tags they could take his dogs, but Takacs said "they were not going to take [his] dogs since they saw that [D'Angelo] was taking good care of them."

33.     Takacs and the other city employee then left the room, and immediately pulled into the '5 Guys Burger' restaurant adjacent to the hotel, and sat there in their vehicles.

34.     After they left the room, D'Angelo decided to leave the hotel with his dogs, as soon as possible.

35.     He arranged a ride, and as he was loading up his property into the vehicle, Animal Control swooped in from a '5 Guys Burger' restaurant, which was adjacent to the hotel.

36.     The police also swooped in from another location.

37.     As D'Angelo was attempting to load his property into the vehicle, Takacs told D'Angelo that she was issuing him a citation for failure to register his dogs, and that he needed to sign the citation.

38.     D'Angelo refused to sign the citation.

39.     He was not given a citation at any time, and as of the date of the filing of this Complaint, he has not been issued a citation.

40.     D'Angelo attempted to put his dogs in the car, and at that point Takacs told D'Angelo they were taking my dogs and told D'Angelo that there was nothing he could do about it.

41.     At that point, as set forth in the video, attached as Exhibit A, D'Angelo said he had money to pay for the registration.

6

42.     Steinmetz responded we are taking the dogs.

43.     As set forth in the video, Exhibit A, protested this illegal seizure, and informed Takacs and Steinmetz that Dazey (the dog with the puppies) could bite him.  This occurred at they were beginning to remove the puppies.

44.     Steinmetz responded and said "I'll shoot her."

45.     Steinmetz, Takacs, and the unidentified city employee took the dogs into their vehicles and left.

46.     At no time have Defendants ever provided D'Angelo notice of how to redeem his dogs, or even provided a location of the dogs.

47.     The only information he was provided was a business card of Takacs and a business card of Officer Steinmetz.

48.     D'Angelo has called Takacs at least three times and left messages about how to get his dogs back, but he never heard from her.

49.     After July 5, 2018, D'Angelo's attorney, Michela Huth placed five telephone calls to Takacs, the sergeant in charge of the Middleburg Heights police department, and to the Chief of Police in an attempt to locate the dogs and explain that they needed to return the dogs to the legal owner as soon as possible.  As of the filing of this Complaint, no returned phone calls have been received from those placed telephone calls.

50.     Attorney Michela Huth, D'Angelo and others have placed many phone calls to various dog pounds in an attempt to discover the location of the dogs.

51.     It was not until July 10, 2018 that it was discovered that the dogs are at Cuyahoga County Animal Shelter.

52.     Tammy Collins called the Middleburg Heights Police Department on July 9, 2018 and after asking to speak to the Lieutenant and Chief of Police, then spoke to an employee in the service department who informed her the dogs are located at the Middleburgh Height Police Department at 7375 Engle Road, Middleburg Heights, Ohio.

53.     Tammy Collins asked the employee if the dogs had been altered in any fashion and whether they were still alive.  This employee transferred her to a woman named Micky at Middleburg Heights City Hall.  Micky informed Collins that she did not know if they were still alive and/or if they had been altered.  She put Collins on hold and called Takacs, however she was unable to reach her.

54.     Sergeant Carruthers informed Attorney Huth on July 9, 2018, that the dogs are not at the police station.  He said they are either at the Cuyahoga Pound Animal Shelter or Middleburg Heights dog holding facility attached to the service department.

55.     On July 10, 2018 Middleburg Heights Law Director, Gary Ebert contacted Plaintiff's attorney, Michela Huth, and informed her that there was a hearing in Middleburg Heights Municipal Court on July 18, 2018.  Attorney Huth asked him what type of hearing, and he said he did not know, but would try to get more details the next day.

56.     D'Angelo's dogs have been in the possession of Defendants for five days, and he has no way of finding them, visiting them, and has no ability to engage in a process to redeem them from the Defendants.

57.     On July 10, 2018 D'Angelo's attorney Michela Huth was informed by the Shelter Administrator (Mindy Naticchion) of Cuyahoga County Animal Shelter that it has possession of the dogs.

58.     Attorney Huth was informed that Cuyahoga County will not return the dogs to D'Angelo, but instead will do whatever the City of Middleburg Height tells them to do.

59.     Cuyahoga County, by and through Mindy Naticchion the Shelter Administrator, that it has no authority to release the dogs to D'Angelo.

60.     Cuyahoga County has had possession of the dogs since July 5, 2018.

61.     As of the time of the filing of this Complaint, neither D'Angelo nor his attorneys have been informed as to what process or procedure he can utilize to redeem his dogs.

62.     Today, July 10, 2018 Attorney Huth texted Gary Ebert cell phone, Middleburg Heights Law Director, Gary Ebert, to obtain his email address so that he could be given notice of the filings in this case.

63.     Having not heard back from him, Attorney Huth telephoned Mr. Ebert's cell phone and left a message informing him that if he did not provide his email, the Certificate of Service of the TRO would indicate that an email was requested but not given.

64.     Today July 10, 2018 at 3:38 p.m. in response to the above call Gary Ebert, Mr. Ebert returned the call to Attorney Huth and indicated the dogs are being held at the Cuyahoga County Shelter and that the dogs will be released sometime to D'Angelo.

65.     No email was provided by Mr. Ebert.

66.     Mr. Ebert stated the dogs would be returned to D'Angelo sometime, but that D'Angelo had to have a house to take the dogs.

67.     Attorney Huth informed him that the dogs are D'Angelo's property and they must be returned immediately with no conditions such as having a house in Ohio.

68.     As of the filing of this Complaint, the dogs have still not been released to D'Angelo.

69.     Mr. Ebert also informed Attorney Huth, in the same conversation on July 10, 2018, that D'Angelo has been charged with four criminal violations, but a majority of the details were not available or forthcoming from Mr. Ebert, as of the filing of this Complaint.

70.     Mr. Ebert stated he would email those charges to Attorney Huth, but so far, that email has not been received.

71.     The only charge Mr. Ebert revealed was dog at large, which is preposterous because the dogs were in the hotel room with D'Angelo.

72.     D'Angelo is temporarily staying in Tuscarawas County until he can get his dogs back.

## CLAIMS FOR RELIEF

### COUNT I
### Injunctive Relief

73.     Plaintiff hereby incorporates by reference all allegations contained in all numbered paragraphs of this Complaint as if set forth fully here.

74.     R.C. 955.05 violates the United States Constitution and the Constitution of Ohio.

75.     R.C. 955.05 is being applied to impound a person's property (dogs in this case) when they are traveling through, and/or temporarily in, Middleburg Heights with dogs who do not have Cuyahoga County dog tags.

76.     R.C. 955.05 is being applied to persons who are staying in a hotel in Middleburg Heights for even just a few days.

77.     R.C. 955.05 is being applied to persons who have no intention of habitually residing in Middleburg Heights or Cuyahoga Heights, but rather are staying in a hotel in Middleburg Heights for a few nights.

78.     If not enjoined by this Court, Defendants and their agents, representatives, and employees will continue to implement the provisions of the challenged law, and other similar policies and practice, that deny Plaintiff, and others similarly situated, their constitutional rights without due process, and in violation of their right to be secure in their person and property.

79.     In particular, the Defendants' enforcement policies will deprive Plaintiff, and others similarly situation, of the opportunity to own property permitted by the law, but denied by the Defendants' application of the law and by the facially unconstitutional law.

80.     Also, the Defendants' enforcement policies will deprive Plaintiffs of the opportunity to enter Middleburg Heights jurisdiction with dogs that are not licensed in Cuyahoga County.

81.     The Defendants' enforcement policies have, and has and will in the future, subject Plaintiffs to unlawful criminal charges and prosecution.

82.     This course of conduct has caused, and will continue to cause, Plaintiffs to suffer real and immediate threat of irreparable injury, as a result of the existence, operation, enforcement, and prosecution purportedly based upon the authority of R.C. 955.05.

83.     Immediate irreparable injury includes, but is not limited to, loss of property, companionship, support, freedom, financial loss, and emotional injury.

84.     Defendants are acting and threatening to act under color of state law to deprive Plaintiff, of their constitutional rights.

85.     Plaintiff has no plain, speedy, and adequate remedy at law for such an injury.

86.     The challenged law violates the Due Process of the Fourteenth Amendment, the right to be secure in persons and property under the Fourth amendment, the Commerce Clause, and 42 U.S.C. § 1983, as well as the Constitution of Ohio.

11

87.     Accordingly, injunctive relief pursuant to 42 U.S.C. § 1983 and other authority is appropriate.

88.     Plaintiffs seeks an order requiring all Defendants to immediately return his dogs to him.

89.     Plaintiff also seeks an order barring Defendants from enforcing R.C. 955.05 against persons who are temporarily located in, and/or traveling through, the City of Middleburg Heights.

**COUNT II**
**Declaratory Relief**

90.     Plaintiff hereby incorporates by reference all allegations contained in all numbered paragraphs of this Complaint as if set forth fully here.

91.     An actual and immediate controversy exists between Plaintiffs and Defendants as to their respective legal rights and duties.

92.     Plaintiff contends that R.C. 955.05 is unconstitutional as applied to Plaintiff and facially unconstitutional.

93.     The challenged Ordinance violates the Due Process of the Fourteenth Amendment, violates the right to be secure in persons and property as set forth by the Fourth Amendment, violates the dormant Commerce Clause, and violates the provisions of 42 U.S.C. § 1983 as well as the Constitution of Ohio.

94.     Plaintiff is entitled to a declaration of rights with respect to this controversy.

95.     Without such a declaration, Plaintiff, and others similarly situated, will be uncertain of their rights and responsibilities under the law.

96.     Accordingly, declaratory relief pursuant to 28 U.S.C. § 2201 is appropriate.

**COUNT III**

**Fourth Amendment**
**(42 U.S.C. § 1983)**

97.     Plaintiff incorporates and realleges each and every allegation contained in the preceding paragraphs of this Complaint.

98.     As stated previously, a seizure of plaintiff's dogs occurred on the fifth day of July, 2018, after Defendants took possession of D'Angelo's dogs and did not return them to him.

99.     A continued retention of Plaintiff's property, his dogs, without first obtaining a warrant, was a warrantless seizure.

100.    Plaintiffs has been deprived of visitation with their dogs, and of being able to provide their choice of care, food, medical attention, exercise and other indicia of ownership to their dogs.

101.    The seizure of Plaintiff's dogs is unreasonable because there exists no explicit statutory authority to seize a dog when a person is temporarily in Ohio, or in a specific County in Ohio.

102.    The seizure and retention of the dogs is unreasonable because there are no rules, guidelines, procedures, policies, regulations or uniform standards concerning when it is permissible to seize and retain Plaintiff's dogs.

103.    The seizure is unreasonable because the animal control officers and police officers have no required specific training or specialized knowledge regarding when to impound a dog for failure to register, and regarding what the process or procedure, including a deprivation hearing, is for a person to redeem their dog once seized.

104.    The seizure is unreasonable because the length of the seizure and retention is completely unknown to D'Angelo and others who have had their dogs seized, impounded and retained by those such as Defendants.

105.    The seizure is unreasonable because of the absence of any rules, guidelines, procedures, policies, regulations or uniform standards to limit the unfettered discretion of the police officers and animal control officer in enforcing R.C. 955.05, and the lack of any review process or means to challenge the propriety of the seizure and retention of Plaintiff's dogs after seizure and impoundment renders enforcement of the statute arbitrary and capricious.

106.    Plaintiff has not been provided with the necessary due process, including an opportunity to contest the validity of the seizure and retention of his dogs.

107.    Defendants violated plaintiffs' rights under the Fourth Amendment to the U.S. Constitution.

108.    R.C. 955.05, on its face, and as enforced by defendants, is unconstitutional because it permits warrantless seizures while at the same time vesting ultimate discretion and authority in the Defendants' police officers and animal control officers to seize plaintiffs' property, with no rules or procedures that animal control officers must follow.

109.    Defendants' seizure of Plaintiff's dogs is an infringement of both property and liberty right.

110.    Plaintiffs is entitled to his costs, including their reasonable attorneys' fees, pursuant 42 U.S.C. 1988.

111.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. 2201, and Fed. R. Civ. P. 57 Plaintiff seek a declaratory judgment that Ordinance 505.14 violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

112.    Plaintiff, and other similarly situated, have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from

continuing their unlawful policies, practices, customs, procedures, standards and/or methods, which have directly and proximately caused such constitutional abuses.

113.     Plaintiff suffered, and continues to suffer, injuries and damages as a direct and proximate result of the above-described conduct of Defendants, as will more fully appear at trial.

**COUNT III**
**Due Process**
**Fourteenth Amendment[3]**
**Deprivation Of Property And Liberty**
**(42 U.S.C. § 1983)**

114.     Plaintiff incorporates and realleges each and every allegation contained in the preceding paragraphs of this Complaint.

115.     Defendants, acting under color of state law, are depriving Plaintiff, and others similarly situated, of their liberty and property rights secured by the Due Process Clause of the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. 1983.

116.     Defendants knew, or should have known, that their above-described conduct violated Plaintiff's due process rights which are secured by the Fourteenth Amendment of the U.S. Constitution, in violation of 42 U.S.C. § 1983.

117.     Defendants, by their conduct, as described herein, and acting under color of state law, have deprived Plaintiff of his right to his own property, which he has a "legitimate claim of entitlement to."[4]

118.     Defendants, by their conduct, as described herein, and acting under color of state law, have deprived Plaintiff of his right to his own liberty and property.

---

[3] Fourteenth Amendment provides, "No state shall ….deprive any person of life, liberty, or property, without due process of law."
[4] See *Board of Regents v. Roth*, 408 U.S. 564, 573-74, 577 (1972).

119.    The acts of the Defendants impermissibly violate Plaintiff's substantive and procedural due process rights by applying the R.C. 955.05 contrary to constitutional parameters, and by seizing his dogs without

120.    Defendants and their employees and agents violated Plaintiffs' right to be free from unlawful prosecution and secure in their persons and property.

121.    Among other violations of the Constitution, Defendants have failed to provide a deprivation hearing on the seizure and impoundment of Defendant's dog.

122.    Plaintiff has been provided, nor does there exist, any information as to how he must redeem his dogs from the Defendants.

123.    There exists no process for him to get his dogs back.

124.    Defendants' unlawful actions were done with the specific intent to deprive Plaintiff of their constitutional rights to be secure in their persons and property.

125.    Plaintiff is informed and believes that the acts of the Defendants and their employees and agents were intentional in failing to protect and preserve Plaintiff's person and property and that, at minimum, Defendants were deliberately indifferent to the likely consequence that harm would result from illegal depriving a person's registered service dog and companion dogs.

126.    Plaintiff is informed and believes that the acts of the Defendants and their employees and agents were intentional in failing to protect and preserve Plaintiff's person and property and that, at minimum, Defendants were deliberately indifferent to the likely consequence that harm would result from illegal depriving Plaintiff of his companion animals and his registered service dog.

127.    The seizure of Plaintiff's property by Middleburg Heights employees and agents, and the retention of that property by Cuyahoga County, is being conducted pursuant to a policy, practice, or custom that violates the United States Constitution.

128.    R.C. 955.05, as applied, violates the due process rights of Plaintiffs in violation of the Fourteenth Amendment to the United States Constitution and unconstitutionally deprived him of their freedom and property.

129.    There is no mechanism which exists for these Plaintiffs to prevent unconstitutional application and enforcement of said seizure under the purported authority of 955.05, or any other law in Ohio or the United States.

130.    Defendants' actions to enforce 955.05, arbitrarily deprives Plaintiff of his property and liberty because the application of the statute is unreasonable, arbitrary, and capricious, without a real or substantial relation to the object sought to be attained, and violates basic concepts of fairness.

131.    Seizing a person's dogs, based upon Defendants' untenable interpretations of "immediately", violates due process because it arbitrarily deprives Plaintiffs of their property.

132.    Retaining a person's dogs, based upon Defendants' untenable interpretations of who knows what law, violates due process because it arbitrarily deprives Plaintiff of his property.

133.    Plaintiff's property was seized for purportedly violating R.C. 955.05, and there is no remedy for them to redeem their dogs.

134.    Defendant Cuyahoga County claims that they cannot release the dogs without Authority from Defendant Middleburg Heights.  Thus, they are also illegally retaining D'Angelo's dogs without due process.

135.    Due to the lack of any rules, standards, policies, procedures or regulations, the law fails to inform a person of reasonable intelligence what behavior is prohibited, what the appropriate range of punishment for any specific behavior should be, and it fails to provide any basis for making enforcement decisions.

136.    There are no rules nor uniform standards for determining a violation thereunder, and each police officer or animal control officer therefore enforces the statute according to his own whims with no oversight or guidance of any sort, causing the enforcement of R.C. 955.05 to be, by definition, arbitrary and capricious, and violative of both the due process clause and equal protection clause of the US Constitution.

137.    As stated previously, a seizure of plaintiff's dogs occurred on the fifth day of July, 2018, after Defendants took possession of D'Angelo's dogs and did not return them to him.

138.    A continued retention of Plaintiff's property, his dogs, without first obtaining a warrant, was a warrantless seizure.

139.    Plaintiffs has been deprived of visitation with their dogs, and of being able to provide their choice of care, food, medical attention, exercise and other indicia of ownership to their dogs.

140.    The seizure of Plaintiff's dogs is unreasonable because there exists no explicit statutory authority to seize a dog when a person is temporarily in an Ohio jurisdiction.

141.    The seizure and retention of the dogs is unreasonable because there are no rules, guidelines, procedures, policies, regulations or uniform standards concerning when it is permissible to seize and retain Plaintiff's dogs.

142.    The seizure is unreasonable because the animal control officers and police officers have no required specific training or specialized knowledge regarding when to impound a dog for failure to register, and regarding what the process or procedure is for a person to redeem their dog once seized.

143.    The seizure is unreasonable because the length of the seizure and retention is completely unknown to D'Angelo and others who have had their dogs seized, impounded and retained by those such as Defendants.

144.    The seizure is unreasonable because of the absence of any rules, guidelines, procedures, policies, regulations or uniform standards to limit the unfettered discretion of the police officers and animal control officer in enforcing R.C. 955.05, and the lack of any review process or means to challenge the propriety of the seizure and retention of Plaintiff's dogs after seizure and impoundment renders enforcement of the statute arbitrary and capricious.

145.    Plaintiff has not been provided with the necessary due process, including an opportunity to contest the validity of the seizure and retention

146.    Defendants violated plaintiffs' rights under the Fourth Amendment to the U.S. Constitution.

147.    R.C. 955.05, on its face, and as enforced by Defendants, is unconstitutional because it permits warrantless seizures while at the same time vesting ultimate discretion and authority in the Defendants' police officers and animal control officers to seize and retain Plaintiff's property, with no rules or procedures that police officers and animal control officers must follow.

148.    Defendants' seizure of Plaintiff's dogs is an infringement of both property and liberty right.

149.    Plaintiffs is entitled to his costs, including their reasonable attorneys' fees, pursuant 42 U.S.C. 1988.

150.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. 2201, and Fed. R. Civ. P. 57 Plaintiff seek a declaratory judgment that Ordinance 505.14 violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

151.    Plaintiff, and other similarly situated, have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, customs, procedures, standards and/or methods, which have directly and proximately caused such constitutional abuses.

152.    Plaintiff suffered, and continues to suffer, injuries and damages as a direct and proximate result of the above-described conduct of Defendants, as will more fully appear at trial.

### COUNT IV
### Fourteenth Amendment
### Violation of Due Process Clause
### Void for Vagueness – Arbitrary Enforcement[5] or "Law by Cop"[6]
### (42 U.S.C. § 1983)

153.    Plaintiff incorporates and realleges each and every allegation contained in the preceding paragraphs of this Complaint.

154.    Defendants, acting under color of state law, have deprived, and continue to deprive, Plaintiff of his right secured by the Due Process Clause of the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

---

[5] "The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983); see also *Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015) ("A law is vague when "it fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement."); see also *Cleveland v. Anderson*, 13 Ohio App.2d 83, 90, 234 N.E.2d 304, 309-310 ([I]f an ordinance which is designed to regulate conduct does not lay down ascertainable rules and guidelines to govern its enforcement. This ordinance represents an unconstitutional exercise of the police power * * * and is therefore void.").

[6] "Law by Cop" is a phrase coined by Peter W. Low & Joel S. *Johnson, Changing the Vocabulary of the Vagueness Doctrine*, 101 Va.L.Rev. 2051, 2053 (2015). "Law by cop" is a term used to describe "police invention and enforcement of new crimes on the street." *Id.* at 2074. "This is "a violation of due process under a version of the *Bouie* principle." *Id.* at 2074-75, citing *Bouie v. City of Columbia,* 378 U.S. 347, 350 (1964).

155.    Ohio Revised Code 955.05[7] is unconstitutionally vague in violation of the Fourteenth Amendment to the United State Constitution.

156.    The power to define what is prohibited under R.C. 955.05 is left to those who enforce it.

157.    The wholesale delegation of this discretion is impermissible under the Constitution.

158.    R.C. 955.05 provides "for government by the moment-to-moment" opinions of a police officer and animal control officer.[8]

159.    In order to prevent arbitrary and discriminatory enforcement, the Statute must provide explicit standards for those who apply them.[9]

160.    The Statute lacks explicit standards for those charged with its enforcement.

161.    The enforcement is left to the complete discretion of police officers and animal control officers to determine what constitutes a violation of the Statute.

162.    Ultimate discretion and authority for enforcing R.C. 955.05 is vested in Middleburg Heights employees, namely police officers and animal control officers.

---

[7] 955.05 Registration of dog or dog kennel during year.
    After the thirty-first day of January of any year, except as otherwise provided in section 955.012 or 955.16 of the Revised Code, every person, immediately upon becoming the owner, keeper, or harborer of any dog more than three months of age or brought from outside the state during any year, shall file like applications, with fees, as required by section 955.01 of the Revised Code, for registration for a period of one year or three years or an application for permanent registration. If the application is not filed and the fee paid, within thirty days after the dog is acquired, becomes three months of age, or is brought from outside the state, the auditor shall assess a penalty in an amount equal to the registration fee for one year upon the owner, keeper, or harborer, which shall be paid with the registration fee. Thereafter, the owner, keeper, or harborer shall register the dog as provided in section 955.01 of the Revised Code, as applicable.
[8] See *Cox v. Louisiana*, 379 U.S. 536, 579 (1965) (separate opinion of Mr. Justice Black).
[9] *City of Akron v. Rowland,* 67 Ohio St.3d 374, 381, 1993 Ohio 222, 618 N.E.2d 138 (1993); *see also, Kelleys Island v. Joyce,* 146 Ohio App.3d 92, 98, 765 N.E.2d 387, 391 (6th Dist.2001).

163.    Ultimate discretion and authority for retaining Plaintiff's dogs is vested in Middleburg Heights employees, namely police officers and animal control officers, and Cuyahoga County employees, namely employees at the  County Dog Shelter.

164.    The Statute prescribes no standards, procedures, guidelines or rules to guide police officers and animal control officers in the enforcement of the Statute and in limiting the discretion they exercise in seizing, impounding, and retaining a person's property.

165.    Middleburg Heights has not set forth any rules, promulgated regulations, or published any guidelines or directives or other material to delineate what is a proper exercise of such discretion.

166.    Cuyahoga County has not set forth any rules, promulgated regulations, or published any guidelines or directives or other

167.    R.C. 955.05 grants Defendants unlimited, unfettered, and unguided discretion to interpret what constitutes "immediately."

168.    Acting under color of state law, Defendants have unbridled discretion to enforce R.C. 955.05, without providing notice to dog owners as to when, why, and how the Ordinance would apply to Plaintiff, and others similarly situated.

169.    By exercising unlimited, unguided discretion over application and enforcement of R.C. 955.05, Defendants, acting under color of state law, violated, and continue to violate, Plaintiff's right to due process of law as guaranteed by the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

170.     Middleburg Heights procedures, policies, practices, methods, and standards, leave the government actors "free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case."[10]  This is "arbitrary enforcement.[11]

171.     The Ordinance makes criminal, activities which are normally innocent, and "may be a trap for innocent acts."[12]

172.     "[I]t is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined."[13]

173.     The Defendants' wholesale delegation of discretion to the police officers and animal control officers invites abuse and creates indefiniteness.

174.     The Ordinance enables the police and animal control officers to decide for themselves when people have violated those laws.

175.     The police and animal control officers have written the law on the street.

176.     This discretion is unconstitutionally impermissible.

177.     Police and animal control officers are not authorized, under the Constitution, to makeup up criminal law, and apply it retroactively.

178.     The manner in which Middleburg Heights applies R.C. 955.05 "does not provide for government by clearly defined laws, but rather for government by the moment-to-moment opinions of a policeman [or animal control officer]."[14]

---

[10] *Giaccio v. Pennsylvania*, 382 U.S. 399, 402-03 (1966).
[11] *Id.*
[12] See *Papachristou v. City of Jacksonville*, 405 U.S. 156, 163 (1972).
[13] *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).
[14] *Cox v. Louisiana*, 379 U.S. 536, 579 (1965).

179.    Middleburg Heights policies, procedures, guidelines, standards and methods enable its employees and agents to conduct enforcement of R.C. 955.05 in a manner which creates "law by cop."

180.    Plaintiff suffered, and continues to suffer, injuries and damages as a direct and proximate result of the above-described conduct of Defendants, as will more fully appear at trial.

181.    Plaintiff is entitled to their costs, including their reasonable attorneys' fees, pursuant 42 U.S.C. 1988.

182.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. 2201, and Fed. R. Civ. P. 57, Plaintiffs seek a declaratory judgment that Ordinance 505.14 violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

183.    Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, customs, procedures, standards and/or methods, which have directly and proximately caused such constitutional abuses.

184.    An actual controversy exists between the parties, and Plaintiff is suffering an ongoing and irreparable harm by Defendants' acts, and the harm will continue unless R.C. 955.05[15] is declared facially unconstitutional.

---

[15] 955.05 Registration of dog or dog kennel during year.

    After the thirty-first day of January of any year, except as otherwise provided in section 955.012 or 955.16 of the Revised Code, every person, immediately upon becoming the owner, keeper, or harborer of any dog more than three months of age or brought from outside the state during any year, shall file like applications, with fees, as required by section 955.01 of the Revised Code, for registration for a period of one year or three years or an application for permanent registration. If the application is not filed and the fee paid, within thirty days after the dog is acquired, becomes three months of age, or is brought from outside the state, the auditor shall assess a penalty in an amount equal to the registration fee for one year upon the owner, keeper, or harborer, which shall be paid with

185.    Plaintiff is entitled to his costs, including his reasonable attorneys' fees, pursuant 42 U.S.C. § 1988.

186.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. 2201, and Fed. R. Civ. P. 57, Plaintiff seeks a declaratory judgment that R.C. 955.05 violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

187.    Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, customs, procedures, standards and/or methods, which have directly and proximately caused such constitutional abuses.


**COUNT V**
**Violation of Due Process Clause**
**Facially Overbroad[16]**
**(42 U.S.C. § 1983)**

188.    Plaintiff incorporates and realleges each and every allegation contained in the preceding paragraphs of this Complaint.

189.    R.C. 955.05 is unconstitutionally broad because it authorizes the punishment of constitutionally protected conduct.

190.    R.C. 955.05 is utilizing the word "immediately" in the law encompasses protected conduct which renders the law unconstitutional.

---

the registration fee. Thereafter, the owner, keeper, or harborer shall register the dog as provided in section 955.01 of the Revised Code, as applicable.

[16]  "Likewise, laws which broadly forbid conduct or activities which are protected by the Federal Constitution, such as, for instance, the discussion of political matters, are void on their face." *Coates*, 402 U.S. 611, 616 (Black, J., concurring) (citing *Thornhill v. Alabama*, 310 U.S. 88 (1940)).

191.     R.C. 955.05 is unconstitutionally overbroad because it authorizes the punishment of constitutionally protected conduct – the dormant commerce clause.

192.     R.C. 955.05 is unconstitutionally overbroad because the word "Immediately" is vague.

193.     Plaintiff suffered, and continues to suffer, injuries and damages as a direct and proximate result of the above-described conduct of Defendants, as will more fully appear at trial.

194.     The statute is facially unconstitutional because there are no rules, policies, procedures, guidelines, practices or regulations regarding the interpretation and enforcement of the statute, and thus, the statute is constitutionally void as applied until such time as the Defendants promulgates such rules, policies, procedures, guidelines, practices or regulations regarding the enforcement of R.C. 955.05.

195.     Plaintiff is entitled to his costs, including his reasonable attorneys' fees, pursuant 42 U.S.C. 1988.

196.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. 2201, and Fed. R. Civ. P. 57, Plaintiffs seek a declaratory judgment that Ordinance 505.14 violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

197.     Plaintiffs has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, customs, procedures, standards and/or methods, which have directly and proximately caused such constitutional abuses.

**COUNT VI**
**Fourteenth Amendment**
**Due Process**
**Retroactive Punishment**
**(42 U.S.C. § 1983)**

198.    Plaintiffs incorporate and reallege each and every allegation contained in the preceding paragraphs of this Complaint.

199.    Defendants' interpretation of R.C. 955.05 violates the Due Process Clauses of the Fourteenth Amendments to the United States Constitution, as applied to Plaintiff, and others similarly situated, because it constitutes an impermissible retroactive punishment.

200.    Defendants' interpretation of R.C. 955.05, and their enforcement of R.C. 955.05, and prosecution premised upon R.C. 955.05, based upon their application of said Statute, is unfair, disrupts settled expectations, and constitutes an unconstitutional retroactive punishment.

201.    Defendants' interpretations of R.C. 955.05, and any enforcement and prosecution based on that interpretation, is unfair, disrupts settled expectations, and constitutes an unconstitutional retroactive punishment.

202.    Plaintiff suffered, and continues to suffer, injuries and damages as a direct and proximate result of the above-described conduct of Defendants, as will more fully appear at trial.

203.    Plaintiff is entitled to their costs, including their reasonable attorneys' fees, pursuant 42 U.S.C. 1988.

204.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. 2201, and Fed. R. Civ. P. 57, Plaintiff seeks a declaratory judgment that Ordinance 505.14 violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

205.    Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, customs, procedures, standards and/or methods, which have directly and proximately caused such constitutional abuses.

## COUNT VII
### Fifth Amendment
### (42 U.S.C. § 1983)

206.    Plaintiff incorporates and realleges each and every allegation contained in the preceding paragraphs of this Complaint.

207.    The scope of the privilege protecting a person from compelled disclosure, under the Fifth Amendment to the United States Constitution, protects "information which would furnish a link in the chain of evidence that could lead to prosecution, as well as evidence which an individual reasonably believes could be used against him in a criminal prosecution."[17]

208.    Defendants have violated Plaintiff's constitutional rights by seizing his dogs because he refused to answer Defendant Takacs questions.

209.    Defendants have violated Plaintiff's constitutional rights by seizing his dogs because after he refused to answer Defendant Takacs questions, she called the police for back-up.

210.    Defendants have violated Plaintiff's constitutional rights by calling and having the police present to force him to speak and be "cooperative."

211.    Defendants have violated Plaintiff's constitutional rights by coercing him through police presence and threats.

212.    Defendants have apparently criminally charged D'Angelo with four criminal violations, however other than a preposterous 'dog at large' charge, neither he nor his attorney have any information as to what the charges are.

213.    Plaintiff suffered, and continues to suffer, injuries and damages as a direct and proximate result of the above-described conduct of Defendants, as will more fully appear at trial.

---

[17] See *Convertino v. DOJ*, 795 F.3d 587, 593 (6th Cir. 2015), quoting *Maness v. Meyers*, 419 U.S. 449, 461, 95 S.Ct. 584, 42L.Ed.2d 574 (1975).461, citing *Hoffman*, *Hoffman v. United States*, 341 U.S. 479, 486, 71 S.Ct. 814, 95 L.Ed. 1118 (1951).

214.    Plaintiff is entitled to their costs, including their reasonable attorneys' fees, pursuant 42 U.S.C. 1988.

215.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. 2201, and Fed. R. Civ. P. 57, Plaintiffs seek a declaratory judgment that Ordinance 505.14 violates the Fifth Amendment to the United States Constitution.

216.    Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, customs, procedures, standards and/or methods, which have directly and proximately caused such constitutional abuses.


### COUNT VIII
### Violation of Americans with Disabilities Act (42 U.S.C. § 12132)
### (42 U.S.C. § 1983)

217.    Plaintiff incorporates and realleges each and every allegation contained in the preceding paragraphs of this Complaint.

218.    Defendants seizure, impoundment, and retention of Plaintiff's service dog is a violation of the Americans with Disabilities Act ("ADA").

219.    Plaintiff is a qualified individual with a disability.

220.    Plaintiff has a mental impairment that substantially limits one or more of the major life activities' of an individual.

221.    Under either Title II of the ADA, Plaintiff was denied full and fair treatment because of a disability.

222.    Plaintiff suffered, and continues to suffer, injuries and damages as a direct and proximate result of the above-described conduct of Defendants, as will more fully appear at trial.

223.    Plaintiff is entitled to his costs, including his reasonable attorneys' fees, pursuant 42

U.S.C. 1988.

224.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. 2201, and Fed. R. Civ. P.

57, Plaintiff seek a declaratory judgment that Ordinance 505.14 violates the Due Process Clause

of the Fourteenth Amendment to the United States Constitution.

225.    Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to

their constitutional rights unless Defendants are enjoined from continuing their unlawful policies,

practices, customs, procedures, standards and/or methods, which have directly and proximately

caused such constitutional abuses.


### COUNT IX
### Violation of Civil Rights Act
### Dormant Commerce Clause
### (42 U.S.C. § 1983)

226.    Plaintiff incorporates and realleges each and every allegation contained in the preceding

paragraphs of this Complaint.

227.    Defendants, under color of statute, ordinance, regulation, custom, or usage, of the State of

Ohio and the City of Middleburg Heights, have subjected and have caused to be subjected, and

are subjecting, and causing to be subjected, Plaintiff, and others similarly situated to the

deprivation of rights, privileges, or immunities secured by the Constitution and laws of the

United States – specifically, the Commerce Clause of the United States Constitution.

228.    Defendants' conduct violates 42 U.S.C. § 1983.

229.    Without relief from this Court, Defendants, acting under color of statute, ordinance,

regulation custom or usage of the State of Ohio and the City of Middleburg Heights, will

30

continue to subject, and causing to be subjected, Plaintiff to the deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States.

230.    Plaintiff suffered, and continues to suffer, injuries and damages as a direct and proximate result of the above-described conduct of Defendants, as will more fully appear at trial.

231.    Plaintiff is entitled to his costs, including his reasonable attorneys' fees, pursuant 42 U.S.C. 1988.

232.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. 2201, and Fed. R. Civ. P. 57, Plaintiffs seek a declaratory judgment that Ordinance 505.14 violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

233.    Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, customs, procedures, standards and/or methods, which have directly and proximately caused such constitutional abuses.

## COUNT X
### Violation of Article I, Section 16 of the Ohio Constitution

234.    Plaintiff incorporates and realleges each and every allegation contained in the preceding paragraphs of this Complaint.

235.    R.C. 955.05 grants Defendants, and their employees and agents, discretion to interpret what constitutes a violation of the Statute.

236.    R.C. 955.05, on its face and as applied to the facts of this case, violated the due process rights of Plaintiffs in violation of the Fourteenth Amendment to the United States Constitution and the Ohio Constitution.

237.    The acts of the Defendants in enforcing R.C. 955.05 were actions taken under color of state law.

238.    The acts of the Defendants in enforcing or threatening to enforce the Statute deprives Plaintiff, and others similarly situated, of their property in violation of the Fourteenth Amendment to the United States Constitution and the Ohio Constitution.

239.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. 2201, and Fed. R. Civ. P. 57, Plaintiff seeks a declaratory judgment that Ordinance 505.14 violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

240.    Plaintiff suffered, and continues to suffer, injuries and damages as a direct and proximate result of the above-described conduct of Defendants, as will more fully appear at trial.

241.    Plaintiff is entitled to his costs, including his reasonable attorneys' fees, pursuant 42 U.S.C. 1988.

242.    Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, customs, procedures, standards and/or methods, which have directly and proximately caused such constitutional abuses.

### COUNT XI
### Monell Claim

243.    Plaintiff incorporates and realleges each and every allegation contained in the preceding paragraphs of this Complaint.

244.    At all relevant times herein, Defendants Middleburg Heights and Cuyahoga County, acting through the individual defendants, developed, implement, enforced, encouraged and

sanctioned de facto policies, practices, and/or customs exhibiting deliberate indifference to Plaintiff's constitutional rights which caused violation of such rights.

245. Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive the Plaintiff of his conditional rights under the Fourteenth Amendment to the U.S. Constitution and the Ohio Constitution.

246. Defendants Middleburg Heights and Cuyahoga County maintains a policy and/or custom of deliberate indifference to the rights of the citizens of the United States, and such policy and/or custom is part of a pattern of unconstitutional violations by Defendants.

247. Defendant Police, Animal Control Officers, Middleburg Heights and Cuyahoga County Policymakers and unknown supervisors, knew, or should have known, that the Defendants would confront situations such as the events which form the basis of the actions herein stated.

248. The failure to provide the police officers and the animal control officers with proper and adequate training failed to furnish these individuals with appropriate knowledge to make proper and informed decisions which resulted in the deprivation of Plaintiff's constitutional rights.

249. Defendants Middleburg Heights and Cuyahoga County pursued an official policy and/or custom of failing to provide adequate training, monitoring, and supervision of their police officers and animal control officers in the performance of their duties and the protection of the constitutional rights of the citizens.

250. Defendants Middleburg Heights and Cuyahoga County failed to provide adequate training, monitoring, and supervision of its police officers and license technicians, in the performance of their duties and to ensure the constitutional protections of citizens who come in contact Middleburg Heights.

251.    Defendant Middleburg Heights' and Cuyahoga County's failure to provide adequate training, monitoring, and supervision of its police officers and animal control officers resulted in a deprivation of clearly established constitutional protections for citizens.

252.    Defendant Middleburg Heights, its Supervisors and Policymakers knew, or should have known, that the Police Officers and the animal control officers named herein were acting in such a way as to violate the constitutional rights of citizens they encounter while performing their duties, and were aware of such constitutional violations, or should have been aware of such constitutional violations, had other similar incidents been properly investigated.

253.    Defendant Middleburg Heights and Cuyahoga County, their Supervisors and Policymakers knew, maintains a municipal policy and/or custom of deliberate indifference to the rights of the citizens with whom the Police and animal control officers come into contact with and this policy and/or custom is part of a pattern of constitutional violations by failing to properly investigate allegations of police and animal control officer's misconduct and not properly disciplining police officers and animal control officers who commit acts of misconduct.

254.    Defendant Middleburg Heights and Cuyahoga County, its Supervisors and Policymakers pursued an official policy and/or custom of a falling to investigate and discipline their police officers and license technicians in the performance of their duties and their actions violated the constitutional rights of the citizens.

255.    Defendant Middleburg Heights and Cuyahoga County, their Supervisors and Policymakers failed to provide adequate training, monitoring, and/or supervision of the police officers and animal control officers in the performance of their duties and ensure the constitutional protections of citizens who come in contact with Middleburg Heights police officers and animal control officers.

256.    Defendant Middleburg Heights and Cuyahoga County, their Supervisors and
Policymakers failure to provide adequate training, monitoring, and supervision of its police
officers and animal control officers resulted in deprivation of clearly established constitutional
protects for citizens who would come in contact with police officers and animal control officers.

257.    Middleburg Heights police officers and animal control officers, on the scene at the time
of the seizure of the dogs, and at all times subsequent to the seizure of the dogs, had a legal duty
and ample opportunity to intervene and prevent the illegal seizure, and return the dogs to their
owner.

258.    Cuyahoga County had a legal duty and ample opportunity to return D'Angelo's dogs to
him, as they have had the dogs since July 5, 2018.

259.    The failure of said Defendants to intervene was part of the pattern, practice, and custom
on behalf of the City of Middleburg Heights to not intervene or report such incidents, but remain
quiet to maintain silence and tacit acknowledgment and approval of such actions.

260.    The failure of Middleburg Heights and Cuyahoga County, and their employees and
agents, to intervene or report such illegal, unlawful and improper activities subjects Middleburg
Heights and Cuyahoga County to liability for the harm suffered by the Plaintiff due to the
conduct of animal control officer Takacs, the unknown other animal control officer, and police
officer Steinmetz, and the conduct of the animal shelter in impounding the dogs and refusing to
return the dogs to D'Angelo.

261.    The constitutional violations committed by Defendant City of Middleburg Heights,
through its actions of the individual Defendants set forth in the caption of this Complaint, were
and are directly and proximately caused by policies, practices, and/or customs developed,
implemented, enforced, encourages and sanctioned by Defendant City of Middleburg Heights,

including the failure: (a) to adequately supervise and train its officers and agents, including the individual Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers, agents and animal control officers; (b) to properly and adequately monitor and discipline its police officers and animal control officers, including Defendants, and (c) to adequately and properly investigate citizen complaints of police and animal control officers, and instead, acts of misconduct were tolerated by City of Middleburg Heights.

262.    Upon information and belief, Defendant City of Middleburg Heights, acting through its police and animal control officer defendants developed, implemented, enforced, encouraged and sanctioned a de facto policy, practice, and/or custom of unlawfully interfering with and/or prosecution without reasonable supplication or probable cause, individuals who have a property interest in their animals and a right to life, liberty and the pursuit of happiness.

263.    Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights under the Fourteenth Amendment to the U.S. Constitution.

264.    Defendants have acted with deliberate indifference to the constitutional rights of Plaintiff.

265.    As a direct and proximate result of the acts as stated herein by each of the Defendants, the Plaintiff's conditional rights have been violated which has caused him to suffer physical, mental, and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

266.    Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined form continuing their unlawful policies, practices, and/or customs which have directly and proximately caused such constitutional abuses.

**COUNT XII**

**Attorney Fees - 42 U.S.C. § 1988**

267.    Plaintiff incorporates and realleges each and every allegation contained in the preceding paragraphs of this Complaint.

R.C. 955.05 grants Defendants, and their employees and agents, discretion to interpret what constitutes a violation of the Statute.

60.    Pursuant to 42 U.S.C. § 1988, Plaintiffs seek attorney fees.

**WHEREFORE**, Plaintiffs, individually and on behalf of others similarly situation seek:

a. An Order enjoining and restraining the Defendants from impounding dogs from people who are traveling through Middleburg Heights, Ohio.

b. An Order requiring Defendants to immediately release the dogs to D'Angelo's possession.

c. An Order requiring Defendants to produce all medical records pertaining to D'Angelo's dogs.

d. An order requiring Defendants to disclose the location of D'Angelo's dogs, as at a minimum, three different locations have been stated by Defendants, and their agents or employees.

e. An Order declaring R.C. 955.05 violates the U.S. Constitution and the Constitution of Ohio;

f. Permanently enjoining Defendants, as well as their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from enforcing the challenged Statute.

g. Permanently enjoining Defendants, as well as their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from proceeding with prosecuting D'Angelo.

h. An Order to ensure that the public has accurate notice of how to redeem their dogs after they have been seized, impounded and retained under an alleged failure to register violation.

i. Damages in the amount of $100,000.00.

j. Attorney's fees and costs;

k.   Such other relief as may be equitable and just.

Respectfully submitted,

 /s/ Michela Huth
MICHELA HUTH
(OH Reg. No. 0091353)
PO Box 17
Bolivar, OH 44612
Phone:  330-440-4027
Email:  michelahuth.esq@gmail.com
*Attorney for Plaintiff*


/s/ Richard Rosenthal
RICHARD BRUCE ROSENTHAL
(NY Reg. No. 1637677)
120-82 Queens Blvd.
Kew Gardens, NY 11415
Phone: 718-261-0200
Fax: 718-793-2791
Email: richard@thedoglawyer.com
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiffs hereby demands a trial by jury on all issues raised in this Complaint as set forth in this pleading.

 /s/ Michela Huth
MICHELA HUTH
(OH Reg. No. 0091353)